**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDEN JOSEPH MALLOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-37-PLC |
| | ) | |
| RICHARD ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Branden Joseph Malloy, an inmate at the Farmington Correctional Center in Farmington, Missouri, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 7. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $25.04. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief may be granted.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his certified inmate account statement. ECF No. 2. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $125.20 and an average monthly balance of $12.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $25.04, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant action against defendant Richard Adams, the Warden of Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). ECF No. 1. Plaintiff does not indicate whether he is suing Warden Adams in his official or individual capacity.

The complaint is drafted on three pages of notebook paper. ECF No. 1. Plaintiff defines his claim as "fraudulent institutional operations." *Id.* at 1. He appears to allege that a non-profit organization donated "Christmas bags" to the ERDCC, and defendant Warden Adams permitted the commissary to sell leftover bags after the holidays. Plaintiff complains the ERDCC wrongly charged sales tax to inmates who later purchased the bags. Plaintiff supplements his complaint with two receipts from purchases made by other inmates. ECF No. 8.  He admits he did "not

3

suffer[] any actual severe injuries connected directly to the claim," but "systematic corruption" has caused him general mental distress. Plaintiff states he did not purchase any of the leftover Christmas bags and was, therefore, not subject to the tax.

For relief, plaintiff asks the Court to "reprimand" the Warden "for corruptive federal criminal infractions," refund each offender for their Christmas bag purchases, award $250,000 to his fiancé, and refund his commissary account for "falsely deducted funds" unrelated to the Christmas bag issue.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

A plaintiff can bring a 42 U.S.C. § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id*. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). Here, plaintiff does not indicate whether he is suing defendant Warden Adams in his official capacity, individual capacity, or both. Thus, it is assumed that plaintiff is suing him in his official capacity only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. The ERDCC is a state institution. Defendant Warden Adams is an employee of the State of Missouri. Thus, the official capacity claim against him, an employee of Missouri, is treated as a claim against the State of Missouri.

An official capacity claim against a State of Missouri employee fails for two reasons. First, a plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983, because the state is not a § 1983 "person." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). To the extent plaintiff is seeking damages, rather than prospective injunctive relief, sovereign immunity bars his claims. For these reasons, plaintiff's official capacity claims against defendant Warden Adams must be dismissed.

Even if plaintiff would have brought this action against defendant Warden Adams in his individual capacity, his claims would still fail. Plaintiff does not explain how defendant was personally involved in or directly responsible for any constitutional violations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Based on

5

the allegations of the complaint, the Court cannot find any intentional act of by defendant Warden Adams that is actionable under § 1983.

Moreover, to the extent plaintiff attempts to bring a § 1983 claim against defendant for overcharging commissary items or charging sales tax, such an attempt fails. To state a claim under 42 U.S.C. § 1983, plaintiff must allege, *inter alia*, the violation of a federally protected right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not have a federally protected right to commissary privileges or commissary pricing, and he certainly has no legal basis to demand he be allowed to purchase commissary goods tax-free.[1] If a jail voluntarily sets up a commissary or provides for commissary services, there is no federal requirement that the commissary items be sold at or near the price that a member of the public would pay for the same item, or be sold without an applied sales tax.

Finally, plaintiff admits he has not been personally injured by the application of a sales tax on donated items sold in the commissary. Plaintiff states he did not purchase the bags when offered. The receipts plaintiff submitted with his complaint evidence purchases made by other inmates.

---

[1] *See Poole v. Stubblefield*, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005); *see also Bright v. Thompson*, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (inmate has no federal constitutional right to purchase items from a commissary at a certain price and without tax); *Vega v. Rell*, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary, and the Court can discern no federal law that is violated by requiring inmates to pay state sales tax on their purchases); *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases and taxed without representation fail to state a claim of violation of constitutional rights cognizable under § 1983); *Verrette v. Randolph*, 2009 WL 103715, at *9 (E.D. La. Jan. 14, 2009) (collection of state taxes on prison commissary purchases does not violate plaintiff's constitutional rights); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary, let alone a protected interest in not paying the tax associated with making purchases; such a claim is "patently absurd"); *McCall v. Keefe Supply Co.*, 71 F.App'x 779, 780 (10th Cir. 2003) (inmate's claim that commissary charged outrageous prices failed to state a constitutional claim); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."); *LaPlante v. Lovelace*, 2013 WL 5572908 at *11 (W.D. Mich. Oct. 9, 2013) ("Federal courts consistently have held that prisoners have no right to purchase products at regular retail prices.").

"Plaintiff cannot attempt to bring the claims of other inmates before this Court." *Halter v. St. Francois Cnty. Jail*, 2015 WL 58778, at *5 (E.D. Mo. Jan. 5, 2015). Plaintiff lacks standing to bring claims alleging mistreatment of other inmates, as plaintiff must allege a personal loss. *See Martin,* 780 F.2d at 1337. Plaintiff is not an attorney and is simply not authorized to assert constitutional claims on behalf of the inmates who reside at the institution with him. *See* 28 U.S.C. § 1654.

For the reasons stated above, the Court concludes that plaintiff's complaint is frivolous and/or fails to state a claim upon which relief may be granted. It would be futile to permit plaintiff the opportunity to file an amended complaint because there is no indication that his claims arise from conduct that invades a federally protected right. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $25.04 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of February, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE